IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FILED
2012 JAN 1 3  DB

U.S. DISTRICT COURT
MIDDLE DISTRICT O...

| | |
|---|---|
| LINDA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | JURY DEMAND |
| WILLIAMSON COUNTY ) | **3-12  0075** |
| SCHOOL SYSTEM ) | Judge _____ |
| ) | Magistrate Judge _____ |
| Defendant. ) | |

## COMPLAINT

Comes now Plaintiff, by and through counsel, and alleges the following in her cause of action against Defendant: <u>Count One</u> - Violations of the Civil Rights Act of 1991, 42 U.S.C. § 1983; <u>Count Two</u> - Violations of Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 2000e; <u>Count Three</u> - Violations of the ADEA; and <u>Count Four</u> - Common Law Retaliation.

1. Plaintiff Linda Jones resides in Haywood County, Tennessee.

2. Defendant, Williamson County School System, maintains a place of business at 1320 West Main Street, Franklin, Tennesseee, and may be served with process through its Director of Schools, James Remete, 1320 West Main Street, Suite 202, Franklin, Tennessee 37064.

## JURISDICTION AND VENUE

3. This action is brought under the Civil Rights Act of 1991, 42 U.S.C. 1981 and 1983; Title VII of the Civil Rights Act of 1964; 42 U.S.C. 2000e; the ADEA; and, the common law of the State of Tennessee.

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising

1

under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Western District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff began her employment with Defendant in 1989 as a cafeteria worker.

9. Over the following twenty years, Plaintiff met or exceeded the expectations of her employer ultimately being promoted to Field Manager at Defendant's Child Nutrition Office.

10. In 2008, Plaintiff's department received a new Director, a male, who was Plaintiff's immediate supervisor. This supervisor had the authority to adversely affect the terms and conditions of Plaintiff's employment.

11. Throughout his supervision of Plaintiff, her supervisor continuously made derogatory remarks about Plaintiff's age including but not limited to:

- This place needs new blood, our employees are so old;
- New blood, thats what we need, our workers are so old they have age on

2

them;

- We could hired younger workers for so much less;
- God I need young, new people to work for me;
- You're an idiot get out of the damn way, this is a man's work;

12. In addition, during his tenure, this supervisor routinely ridiculed Plaintiff's job performance and belittled her in front of her co-workers. Plaintiff was performing her job tasks to the expectations of Defendant. Plaintiff began complaining to Human Resources about this supervisor's harassment and creating a hostile environment. Defendant failed to remedy the situation.

13. Plaintiff's supervisor continued to use derogatory remarks in the workplace about Plaintiff's age and gender. In or about February of 2009, this supervisor began transferring Plaintiff's job responsibilities to a younger male Field Manager.

14. During this same month, Plaintiff's supervisor called Plaintiff into his office and falsely accused her of "screaming" at managers. Plaintiff requested the identity of these alleged managers but was refused the information.

15. Shortly thereafter, Plaintiff's supervisor was asked how he liked working in his current position by the spouse of an office employee. Her supervisor responded in front of other employees that it would be fine if he didn't have to work with Plaintiff.

16. On this same day, Plaintiff was questioned by her supervisor as to why the department had so few male managers.

17. Throughout the spring of 2009, Plaintiff's supervisor singled her out and ridiculed her job performance without cause and falsely accused her of misconduct. Plaintiff

3

complained on multiple occassions.

18. In May of 2009, Plaintiff was demoted to cafeteria worker and received a significant reduction in her salary. Plaintiff's supervisor kept the younger male, Brian, in Plaintiff's position. Plaintiff filed her EEOC charge in June of 2009 . When "Brian" left his position, Plaintiff's supervisor filled the position with another younger male. Plaintiff was terminated in May of 2010 and sent an ineligible for re-hire letter in August of 2010.

### COUNT ONE
### Violations of the Civil Rights Act of 1991, 42 U.S.C. 1981 and 1983
### Against Defendant

19. Defendant's conduct described herein violated the Civil Rights Act of 1991, 42 U.S.C. 1981 and 1983.

20. Defendant acted intentionally, recklessly, or maliciously when it demoted, harassed retaliated against, and terminated Plaintiff in violation of the Civil Rights Act of 1991.

21. Defendant's retaliation and treatment Plaintiff was a part of a knowing and intentional pattern of discrimination in violation of the Civil Rights Act of 1991.

22. As a direct and proximate result of Defendant's violation of the Civil Rights of 1991, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, and suffered and continues to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

### COUNT TWO
### Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e

23. Plaintiff filed her charge with the EEOC and received her Right to Sue Letter.

4

24. Defendant has over 400 employees.

25. During all times complained herein, Defendant was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e (b) and (f), and as such, Defendant is subject to the rules, regulations and penalties of this law.

26. Defendant denied Plaintiff job opportunities, which were afforded to a younger, less qualified male.

27. This discrimination on the part of Defendant constitutes a violation of the Plaintiff's rights under Title VII.

28. The discriminatory employment practices, described herein, have caused Plaintiff to experience harm, including loss of compensation, wages back and front pay, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity and resulting injury and loss along with other damages.

## COUNT THREE
### Violations of the ADEA

29. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the ADEA.

30. Defendant is a "person" as defined by the Tennessee Human Rights Act.

31. Defendant did segregate or classify Plaintiff based upon her age in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee in violation of the ADEA.

32. Defendant's treatment of Plaintiff resulted from a knowing and intentional pattern of discrimination in violation of the ADEA.

33. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## COUNT FOUR
### Retaliation

34. Plaintiff alleges that the intentional acts and omissions as described herein by the defendant constitutes adverse employment actions of retaliation for complaining of discrimination, filing charges of discrimination under either Title VII or the Tennessee Human Rights Act, which entitles her to compensatory damages in an amount of $300,000.00, reinstatement, back pay, front pay, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays:

1. For a jury to be empaneled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Attorneys' fees and the cost of litigation to include expert fees;

3. Damages for humiliation, embarrassment, emotional pain and other damages;

4. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

5. Punitive damages;

6. A judgment against Defendant for prejudgment interest; and

7. Such other relief as this Court deems proper.

Respectfully submitted;

BY: /s/ Andy L. Allman
ANDY L. ALLMAN #17857
Attorney for Plaintiff
629 East Main Street
Hendersonville, TN 37075
Telephone: (615) 824-3703
Facsimile: (615) 824-2674